HYDE ET AL.
vs.
PALMER ET AL.

HYDE ET AL. vs. PALMER AND SOUTHMAYD.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The law does not require the lessors to demand payment of the rent on the
very day it becomes due, in order to place the lessees *in morâ*, so as to
obtain a dissolution of the lease in case of non-payment.

So, it is not necessary that demand of the rent should be made by, or in the
name of all the members of a commercial firm, to whom the lease is
given. It may be made by either one of the members.

This is an action to recover arrearages of rent from the
defendants, and to cancel and annul a lease made to them by
the plaintiffs, for the non-payment of the rent.

The plaintiffs, W. F. Hyde, E. B. Hyde and E. D. Hyde,
trading under the commercial firm of W. F. & E. B. Hyde
& Co., represented by W. F. & E. B. Hyde, allege, that
they leased to the defendants a certain store and brick tene-
ment in Chartres-street, New-Orleans, for four years, and
renewable, (at the pleasure of the lessees,) at one thousand
eight hundred dollars per annum, commencing on the first of
November, 1831 ; the rent payable monthly, amounting to
one hundred and fifty dollars per month.

They further show, that the defendants have failed to pay
the rent punctually as required by the terms of the lease, and
that they are in arrears for the months of March, April, May
and June, 1836, although demand of payment has been re-
peatedly made.   They pray that the lease be cancelled and
annulled, and that they have judgment for the rent due and
unpaid them.

The defendants admit the lease, but deny they had violated its provisions ; that they had repeatedly, with the consent of the plaintiffs, paid them two months' rent at a time, and that they legally tendered them the sum due before the institution of this suit, and they deny all the other allegations in the petition.

Upon these pleadings and issues, the cause was tried.

It was in evidence, that the defendants neglected to pay the rent for the months of March and April, 1836, according to the terms of the lease. On the 3d of May, the plaintiffs styling them W. F. & E. B. Hyde, addressed a written notice to the fendants, to quit the premises in fifteen days, in consequence of the non-payment of the rent and forfeiture of the lease.

The parish judge decreed the forfeiture of the lease, and gave judgment for the rent due and to become due until the re-delivery of the premises.

The defendants appealed.

*Lockett*, for the plaintiffs.

This suit is instituted to annul a lease made by the plaintiffs to the defendant, upon the ground that the defendants failed to pay the rent as it became due. The law is clear. See *Louisiana Code, articles* 2680 *and* 2682. 10 *Louisiana Reports*, 19.

The only question then, is one of fact : Was the rent paid as agreed upon by the parties ? The court below after hearing both parties, decided that the defendant had failed to pay the rent according to the lease, and therefore, decreed it to be null, and the plaintiffs now pray a confirmation of the judgment of the lower court.

*Maybin* and *Wharton*, for the defendants, contended, that there was not sufficient cause in this case to authorize the annulment of the lease. If the lessee fails to fulfil his engagements, the court may dissolve the lease ; but it is merely discretionary, and there ought to be good grounds ; for leases are to be dissolved " in the manner expressed con-

cerning contracts in general," except no delay is to be given. <span style="float:right">EASTERN DIST.<br>June, 1838.</span>
*Louisiana Code,* articles 2700, 2698, 2699.

HYDE ET AL.
*vs.*
PALMER ET AL.

2. In this case, there can be no more than a passive or negative breach of the contract of lease. The debtor must be.put in default, and in each case a default is necessary. Here there was no putting in default, for the notice to the defendants was to quit the premises, on the ground that the lease was broken and forfeited. *Louisiana Code,* 1905, 1925. 3 *Louisiana Reports,* 331

3. There was no legal demand. The rent is payable on the premises, when not otherwise stipulated, and demand of payment should be made there when the rent becomes due, according to the terms stipulated in the lease. *Louisiana Code,* article 2152.

4. The lease was made with W. F. & E. D. Hyde & Co. The receipt offered, as well as the notice to quit, were signed by W. F. & E. D. Hyde solely. The plaintiffs state in their petition, that W. F. & E. D. Hyde, were authorized to conduct the business, and they admit the discrepancy, but have offered nothing to remove it or prove their allegation.

5. The evidence shows, that the parties were neighbors and had mutual dealings. The defendants were not in the habit of paying regularly, and no complaints were made of it ; and at times they were mutually indebted to each other.

This all shows that there is no good ground or cause for dissolving the lease.

*Martin, J.,* delivered the opinion of the court.

The defendants, the plaintiffs' lessees, are appellants from a judgment, decreeing the dissolution of a lease for the non-payment of the rent. *Louisiana Code,* article 2682. *Chase vs. Turner,* 10 *Louisiana Reports,* 17.

The appellants do not deny the plaintiffs' right to dissolve the lease for the non-payment of the rent, neither do they contend that it was paid ; but they urge, that the demand of payment was not made on the day on which the rent became due, but on the next day thereafter.

<span style="float:right">The law does not require the lessors to de-mand payment of the rent on the very day it becomes due, in order to place the lessees in</span>

EASTERN DIST.
*June*, 1838.

VIGERS ET AL.
*vs.*
OCEAN INS. CO.

*morâ*, so as to
obtain a dissolu-
tion of the lease
in case of non-
payment.

So, it is not
necessary that
demand of the
rent should be
made by or in
the name of all
the members of
a commercial
firm to whom
the lease is gi-
ven. It may be
made by either
one of the mem-
bers.

They further urge, that the receipt offered them for the rent and the notice to quit, were signed by W. F. & E. D. Hyde, while the lease was made with W. F. & E. D. Hyde & Co.

It does not appear to us, that the parish judge erred. Neither the lease nor the law required the lessors to demand the rent on the very day it became due. If the lessees thought the receipt offered to them was insufficient, they might have required an amendment of it, on payment of the rent. They admit that the rent was demanded ; and there is no necessity for all the members of the firm attending to make the demand. It may be made by either of them, when, as in the present case, the firm is a commercial one.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.